UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON ALARIE<br><br>      Plaintiff,<br>v.<br><br>STILLMAN LAW OFFICE, LLC fka SCHLEE AND STILLMAN, LLC & BARCLAYS BANK DELAWARE<br><br>      Defendants. | **AMENDED COMPLAINT & JURY DEMAND** |

## SUMMARY

1. Ms. Alarie has at all relevant times lived in Jefferson, Massachusetts. She previously opened a credit card with Barclays Bank Delaware while she was living in Jefferson, Massachusetts, and subsequently defaulted on payments while living at the same address. She continues to live in Jefferson, Massachusetts through present day.

2. Defendants filed a lawsuit in Connecticut to collect this debt from Ms. Alarie, alleging that she lived at her parent's address even though the complaint included exhibits showing otherwise. It purported to serve her at her parent's address and, upon information and belief, also directed numerous collection calls and letters to her parent's house. Ms. Alarie, however, hasn't lived at her parent's address since approximately 2003. Defendants' actions caused Ms. Alarie's parents to learn of this debt, causing Ms. Alarie's emotional damages. Accordingly, Ms. Alarie now brings this lawsuit for violation of the Fair Debt Collection Practices Act (FDCPA), as well as related state law claims.

## JURISDICTION & VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States and is brought pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq.*, as well as related-to state law claims.

4. Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

## PARTIES

5. Plaintiff Shannon Alarie is a natural person residing in Jefferson, Massachusetts.

6. Defendant Stillman Law Office, LLC fka Schlee and Stillman, LLC (Stillman) is a limited liability company organized under the laws of Maryland, with its principal office in Maryland.

7. Defendant Barclays Bank Delaware (Barclays) is a federally insured bank, with its headquarters located at 125 South West Street, Wilmington, Delaware, 19801.

## COMMON FACTS

8. Ms. Alarie opened a credit card account with Barclays (the Account).

9. When Ms. Alarie opened the Account, she was then residing in Jefferson, Massachusetts.

10. Ms. Alarie has continued to reside in Jefferson, Massachusetts uninterrupted through present day.

11. Monthly statements from Barclays were addressed to Ms. Alarie at her address in Jefferson, Massachusetts.

12.     Ms. Alarie's parents have resided at all relevant times at 29 Windmill Hill Road, Branford, Connecticut.

13.     Ms. Alarie last resided with her parents at their address in approximately 2003.

14.     Nevertheless, Defendants filed a lawsuit against Ms. Alarie in Connecticut, identified as Case Number NNH-CV-17-6068125 with the New Haven Superior Court.

15.     Ms. Alarie was purportedly served with notice of this lawsuit at her parent's residence in Branford, Connecticut on January 12, 2017.

16.     The lawsuit included as exhibits monthly statements from Barclays addressed to Ms. Alarie at her Jefferson, Massachusetts residence.

# COUNT I:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692
### (Stillman)

17.     The preceding allegations are incorporated herein by reference.

18.     The Account at issue was opened primarily for personal or household use, and is therefore a "debt" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(5).

19.     Stillman is a "debt collector" as that term is defined under the FDCPA and Massachusetts state law. 15 U.S.C. § 1692a(6).

20.     Pursuant to 15 U.S.C. § 1692i(a)(2) Stillman was prohibited from filing a lawsuit against Ms. Alarie in any judicial district other than: (1) in which she signed the contract with Barclays, or (2) in which she resided at the commencement of the lawsuit.

21.     Pursuant to 15 U.S.C. § 1692c(a)(1), Stillman was prohibited from contacting Ms. Alarie in connection with the collection of a debt at any time or place it knew or should have known to be inconvenient for Ms. Alarie.

22. Pursuant to 15 U.S.C. § 1692c(b), Stillman was prohibited from communicating in connection with the collection of a debt, with Ms. Alarie's parents or any other third party.

23. Pursuant to 15 U.S.C. § 1692d, Stillman was prohibited from, in connection with the collection of a debt, engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

24. Pursuant to 15 U.S.C. § 1692e(5) Stillman was prohibited from taking any action that cannot legally be taken.

25. Stillman's actions violated 15 U.S.C. § 1692i(a)(2), c(a)(1), c(b), d, and/or e(5).

26. Ms. Alarie suffered damages due to Stillman's unlawful actions, including but not limited to economic and emotional damages.

## COUNT II:
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2
## (Stillman)

27. The preceding allegations are incorporated herein by reference.

28. Stillman is engaged in trade or commerce in Massachusetts.

29. Pursuant to G.L. c. 93A, § 2, Stillman was prohibited from engaging in unfair or deceptive acts or practices, including but not limited to:

   a. Implying the existing of Ms. Alarie's debt to her parents, mailing collection letters to her parents, and/or placing collection telephone calls to her parents. 940 Code Mass. Regs. § 7.06(1).

   b. Suing Ms. Alarie in an out of state venue that lacked personal or subject matter jurisdiction.

30. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

31. In this case, Stillman's actions against Ms. Alarie were unfair or deceptive acts or practices, in violation of G.L. c. 93A, § 2.

32. Stillman knowingly or willfully violated G.L. c. 93A, § 2.

33. On February 10, 2017, Ms. Alarie served Stillman with a pre-lawsuit demand letter pursuant G.L. c. 93A, § 9.

34. Ms. Alarie never received a written response to her demand letter.

35. Stillman did not respond to Ms. Alarie's demand letter with a reasonable settlement offer.

36. Ms. Alarie suffered damages due to Stillman's unlawful actions, including but not limited to economic and emotional damages.

## COUNT III:
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2
## (Barclays)

37. The preceding allegations are incorporated herein by reference.

38. Barclays is engaged in trade or commerce in Massachusetts.

39. Pursuant to G.L. c. 93A, § 2, Barclays was prohibited from engaging in unfair or deceptive acts or practices, including but not limited to:

   a. Implying the existing of Ms. Alarie's debt to her parents, mailing collection letters to her parents, and/or placing collection telephone calls to her parents. 940 Code Mass. Regs. § 7.06(1).

   b. Suing Ms. Alarie in an out of state venue that lacked personal or subject matter jurisdiction.

40. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

41. In this case, Barclays' actions against Ms. Alarie were unfair or deceptive acts or practices, in violation of G.L. c. 93A, § 2.

42. Barclays knowingly or willfully violated G.L. c. 93A, § 2.

43. On February 8, 2018, Ms. Alarie served Barclays with a pre-lawsuit demand letter pursuant G.L. c. 93A, § 9.

44. Ms. Alarie never received a written response to her demand letter.

45. Barclays did not respond to Ms. Alarie's demand letter with a reasonable settlement offer.

46. Ms. Alarie suffered damages due to Barclays unlawful actions, including but not limited to economic and emotional damages.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Alarie requests that the Court issue judgment in her favor and against Stillman, as well as the following relief:

A. Judgment that Stillman violated the Fair Debt Collection Practices Act;

B. Judgment that Stillman violated the Massachusetts Consumer Protection Act;

C. Judgment that Barclays violated the Massachusetts Consumer Protection Act;

D. Actual damages;

E. Double or triple actual damages;

F. Statutory damages;

G. Cost, interest, and attorney's fees; and

H. All other relief to which she is entitled at law or equity.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

        Respectfully submitted,

        Plaintiff,
        Shannon Alarie,
        By Counsel,

        /s/ Christopher M. Brine
        Christopher M. Brine (BBO 679289)
        Brine Consumer Law
        100 Grove Street, Suite 210
        Worcester, MA 01605
        P – (508) 556-1899
        F – (508) 556-9951
        cmb@brineconsumerlaw.com